THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY W. SCHAEFER, Relator, *v.* JAMES J. MARTIN and Others, Composing the Board of Police Commissioners of the Police Department of the City of New York, Respondents.

*Police board of the city of New York — its decisions in matters of discipline, not reversed on appeal except in case of passion, prejudice or mistake.*

A judgment of a board of police commissioners dismissing an officer from the police force of the city of New York, when rendered upon conflicting testimony, will not be reversed unless the proof so clearly preponderates against it as to warrant the belief that it resulted from passion, prejudice or mistake.

CERTIORARI issued out of the Superior Court of the city of New York and attested on the 26th day of April, 1895, directed to James J. Martin and others, composing the board of police commissioners of the police department of the city of New York, commanding them to certify and return to the office of the clerk of said court all and singular their acts and proceedings in regard to the removal of the relator from his position as a member of the police force of the police department of the city of New York.

*Frank A. Butler*, for the relator.

*Terence Farley*, for the respondents.

BARRETT, J. :

The evidence of the officer's intoxication was amply sufficient to sustain the judgment. The defense seems to have been, *first*, that the relator showed no signs of intoxication ; and, *second*, that if he did it was not the result of alcoholic stimulants, but of medicine prescribed by a physician.

The most that can be said upon the relator's side of the case is that there was a conflict of evidence as to the fact of intoxication. There was, however, no such preponderance of testimony on that head as would justify this court in disturbing the judgment of the commissioners. In fact the preponderance was the other way ; and we cannot but think that the relator's appeal, tested by well-settled rules as to the authority of an appellate court in reviewing the facts, is entirely without legal merit.

In this class of cases, when we find that the question is purely one of fact, and that there was competent testimony to sustain the action of the commissioners, we do not, in affirming the judgment, usually deem it necessary or useful to formulate a written opinion. We depart from this custom in the present instance only because, owing to the growing frequency of these appeals, it may be well once more to emphasize the rule that the judgment of the commissioners upon conflicting testimony will not be reversed unless the preponderance of proof against their conclusion is so great as to warrant the belief that it was the result of passion, prejudice or mistake.

The rules which govern an appellate court in reviewing the verdict of a jury apply here with equal, if not greater, force. The

efficiency of the police force cannot be maintained if the action of the commissioners, in matters of discipline, is to be lightly overturned.

The proceedings of the commissioners should be affirmed, with costs.

Van Brunt, P. J., Rumsey, Patterson and McLaughlin, JJ., concurred.

Proceedings affirmed, with costs.